**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KASAUNDRA NEEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 4:25cv01421** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(F)**
**FEDERAL RULES OF CIVIL PROCEDURE**

**1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

A conference was held on June 23, 2025. Following counsel attended the conference:

**For the Plaintiff:**
Erin Svetlik
State Bar of Texas No. 24115426
S.D. of Texas Bar No. 3882226
Email: erin@marcwhitehead.com
Marc Whitehead & Associates
403 Heights Blvd
Houston, Texas 77007
PH: (713) 228-8888
FX: (713) 225-0940

**For Defendant:**
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3. Specify the allegation of federal jurisdiction.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1332(e) and (f).

**4. Name the parties who disagree and the reasons.**

None.

**5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None at this time.

**6. List anticipated interventions.**

None at this time.

**7. Describe class-action issues.**

None at this time.

**8. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties agree that this case is exempt from the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(B) because this is an action for review on an administrative record. In lieu of Fed. R. Civ. P. 26(a)(1)(B) disclosures, Defendant will produce the Administrative Record to Plaintiff, in pdf format, on or before July 15, 2025.

**9. Describe the proposed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

Plaintiff's Contentions:

Benefit denials governed under ERISA are generally reviewed by the courts under a *de novo* standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989). In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard and not a *de novo* standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan. Plaintiff contends that the Plan fails to give the Defendant said discretion as said discretionary language is prohibited under 28 TAC §§3.1201 - 3.1203 (2013) and this Court should review this matter under a *de novo* standard of review.

In Texas, for disability insurance policies, certificates or riders offered, issued, renewed or delivered on or after February 1, 2011 said "discretionary clauses" are prohibited under 28 TAC §§3.1201- 3.1203 (2013). Therefore, Plaintiff seeks discovery on any and all materials that would provide information on renewal dates, rate increases, modifications, or amendments to Plaintiff's policy at issue.

Alternatively, if the Court finds that the proper standard of review is abuse of discretion, Plaintiff seeks discovery based on and including the following:

The Supreme Court recognized in *Metropolitan Life Insurance Co. v. Glenn* that when "a plan administrator both evaluates claims for benefits and pays benefits claims," it creates a structural conflict of interest. 554 U.S. 105, 128 S. Ct. 2348, 171 L. Ed. 2d 299 (2008).

It is Plaintiff's contention that discovery is permissible on "the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan." Additionally, discovery is permissible regarding the "completeness of the administrative record [and] whether the plan administrator complied with ERISA's procedural regulations." *Crosby v. Louisiana Health Service, 2011 U.S. App. Lexis 14739, (5th Cir. La., 2011)*. In using the words "existence and extent of a conflict of interest" plaintiff contends that the individual conflict of interest of the administrator's employees, agents and consultants are discoverable as well.

Discovery is permissible if it relates to how the administrator has interpreted the plan in the past, or would assist the court in understanding medical terms and procedures. *Vega v. Nat. Life Ins. Servs., Inc.* 188 F.3d 287, 299 (5th Cir.1999).

Furthermore, if claimants do not present evidence of the degree of conflict, the court will generally find that any conflict is "not a significant factor." *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 249 (5th Cir. 2009) (finding that where claimant "adduced no evidence . . . that [administrator's structural] conflict affected its benefits decision or that it had a history of abuses of discretion," any conflict was insignificant in abuse of discretion analysis).

Defendant's Contentions:

Plaintiff relies on the recent U.S. Supreme Court decision in Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 128 S.Ct. 2343 (2008) to support the contention that a larger scope of discovery now applies to ERISA administrative review cases.

It is correct that Glenn states that, "when judges review the lawfulness of benefit denials, they will often take account of several different considerations of which a conflict of interest is one." Glenn, 128 S.Ct. at 2351. However, such consideration is already part of the review under the abuse of discretion standard that is mandated by the Fifth Circuit in Vega. As recognized in a post-Glenn decision, the Fifth Circuit has indicated that the Supreme Court's treatment of the conflict analysis in Glenn is "closely aligned" with the "sliding scale" approach that the Fifth Circuit required

before Glenn. Dunn v. GE Group Life Assurance Co., 2008 WL 3842929 at n.2. (5th Cir. August 18, 2008). See also, Holland v. International Paper Co., Retirement Plan, 576 F.3d 240, 248 (5th Cir. 2009) ("much of our 'sliding scale' precedent is compatible with the Supreme Court's newly clarified "factor" methodology, and Glenn does not supersede that precedent to the extent it reflects the use of a conflict as a factor that would alter the relative weight of other factors"). Accordingly, the cases in which the Court had considered such issues before Glenn was decided continue to offer substantial guidance after Glenn.

Moreover, Glenn's "tiebreaker" language raises a significant question whether information or documents concerning conflict are relevant in a case such as this one in which the administrative record clearly supports Lincoln's decision on Plaintiff's claim. In Glenn, the Supreme Court has stated that several different factors, including the existence and extent of conflict, must be considered in reaching results in these cases, but that "any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance." Glenn, 128 S.Ct. at 2351. The Fifth Circuit has interpreted that language to find that when strong evidence supporting the administrator's decision exists, the conflict issue is not a factor for consideration. Dutka v. AIG Life Ins. Co., 2009 WL 1800139 at n. 6 (5th Cir. June 24, 2009) ("in light of the evidence supporting the plan administrator's decision, the conflict of interest is not a 'tiebreaking' factor."); Sanders v. UNUM Life Ins. Co. of Amer., 2008 WL 5391909 (5th Cir. Dec. 29, 2008); Carter v. Nationwide Mutual Ins. Co., 2009 WL 2029896 (5th Cir. July 10, 2009) (use of conflict as "tiebreaker" determined to be unnecessary).

That discovery in these cases must be limited is especially true when considering, as the Supreme Court recently commented on again after its holding in Glenn, that by enacting ERISA, Congress intended "to create a system that is [not] so complex that administrative costs, or litigation expenses, unduly discourage employers from offering [ERISA] plans in the first place." Conkright v. Frommert, --- U.S. ----, 130 S.Ct. 1640, 1646 (2010), *citing* Varity Corp. v. Howe, 516 U.S. 489, 497, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). Permitting discovery of the type and extent of that propounded by Plaintiff here clearly frustrates the Congressional intent of efficiency in the administration of claims under ERISA.

In sum, there is no language in Glenn or Crosby that suggests that the scope of discovery into conflict issues has been broadened beyond what was already permitted in the Fifth Circuit under Vega. Moreover, that Glenn did not change the ERISA discovery/evidence landscape in this regard has been recognized by District Courts in the 1st, 2nd, and 8th Circuits. Dubois v. UNUM Life Ins. Co., No. CIV. 08-163-P-S, 2008 WL 2783283, at 3 (D.C. Me. July 14, 2008); Florczyk v. Metropolitan Life Ins. Co., No. 5:06-CV-0309, 2008 WL 3876096 (N.D. N.Y. July 11, 2008); Singleton v.

Hartford Life & Accident Ins. Co., No. 4:08-CV-00361-WRW, 2008 WL 3978680 (E.D. Ark. July 29, 2008).

Subject to the above contentions, the parties do not anticipate the need for any special discovery arrangements modifying the local rules or the Federal Rules of Civil Procedure. Subject to Defendant's objection to discovery in this matter, the parties would agree to the following discovery plan:

**B. When and to whom the plaintiff anticipates it may send interrogatories;**

To the Lincoln National Life Insurance Company prior to September 26, 2025.

**C. When and to whom the defendant anticipates it may send interrogatories;**

To Plaintiff prior to September 26, 2025.

**D. Of whom and by when the plaintiff anticipates taking oral depositions;**

Plaintiff anticipates taking oral depositions of the individuals who handled Plaintiff's claim for benefits, any in-house medical and vocational professionals who were involved in Plaintiff's claims, and any experts designated by Defendant by December 5, 2025.

**E. Of whom and by when the defendant anticipates taking oral depositions;**

None at this time.

**F. When the plaintiff (or party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports;**

The Parties do not anticipate designating any experts.

**G. List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking the depositions of Defendant's corporate representative by December 5, 2025.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).**

Not known at this time.

**10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties agree on the discovery plan described above.

**11. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**12. State the date discovery can reasonably be completed.**

The parties anticipate that discovery can be reasonably completed on or before January 9, 2026.

**13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The Parties are currently engaging in early settlement discussions in an effort to promptly resolve this dispute. If those efforts are unsuccessful, the Parties agree that mediation before a mutually agreed-upon mediator may be beneficial.

**14. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff is drafting an initial settlement demand to provide to Defendant.

**15. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effectively used in this case.**

The parties believe that non-binding mediation is an appropriate alternative dispute resolution method for resolving this matter if their discussions are not successful.

**16. Magistrate Judge Andrew Edison may hear jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

All parties do not consent to a trial before a magistrate judge.

**17. State whether a jury demand has been made and if it was made on time.**

Because this case is governed by ERISA, a jury trial is not permitted.

**18. Specify the number of hours it will take to present the evidence in this case.**

N/A. This is a non-jury case. The parties believe this case can be resolved on cross dispositive motions under Fed. R. Civ. P. Rule 52.

**19. List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

None.

**20. List other motions pending.**

None.

**21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None at this time.

**20. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

**For the Plaintiff:**
Erin Svetlik
State Bar of Texas No. 24115426
S.D. of Texas Bar No. 3882226
Email: erin@marcwhitehead.com
Marc Whitehead & Associates
403 Heights Blvd
Houston, Texas 77007
PH: (713) 228-8888
FX: (713) 225-0940

**Defendant**
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

Dated: June 27, 2025

Respectfully submitted,

By: /s/ Erin Svetlik (w/permission)
Erin Svetlik
State Bar of Texas No. 24115426
S.D. of Texas Bar No. 3882226

Email: erin@marcwhitehead.com
Marc Whitehead & Associates
403 Heights Blvd
Houston, Texas 77007
PH: (713) 228-8888
FX: (713) 225-0940

ATTORNEYS FOR PLAINTIFF

- AND -

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT